IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROY C MARTIN & COMPANY,
INC., CLIF MARTIN, and
TRANSFORMATIVE AIR
TECHNOLOGIES, LLC,

      Plaintiffs,

v.

MITSUBISHI ELECTRIC US, INC.,

      Defendant.

1:16-cv-646 -WSD

## OPINION AND ORDER

On February 29, 2016, Plaintiffs Roy C. Martin & Company, Inc., Clif Martin, and Transformative Air Technologies, LLC ("Plaintiffs") filed their Complaint [1] against Defendant Mitsubishi Electric US, Inc., asserting claims for negligent and intentional misrepresentation, breach of promises, promissory estoppels, defamation, and violation of Georgia's RICO Act.

Plaintiffs' Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into

whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case Plaintiffs' Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or

has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint does not adequately allege Transformative Air Technologies, LLC's citizenship.  Plaintiffs allege only that Transformative Air Technologies, LLC "is/was a Tennessee limited liability company with its office located in Brentwood, Tennessee." (Compl. ¶ 2).  This allegation is insufficient.  Plaintiffs are required to allege the identity of all of Transformative Air Technologies, LLC's members and their respective citizenship in order for the Court to determine if it has subject matter jurisdiction.  See Rolling Greens, 374 F.3d at 1022.

The Complaint does not adequately allege Clif Martin's citizenship. Plaintiffs allege that "Clif Martin is an individual residing in Birmingham, Alamaba . . . ."  (Compl. ¶ 3).  This allegation is not sufficient to establish diversity jurisdiction because "[r]esidence alone is not enough" to show citizenship. Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Complaint must allege more specific information regarding Transformative Air Technologies, LLC's members and their citizenship,[1] and must sufficiently allege Clif Martin's citizenship to determine whether diversity jurisdiction exists in this matter.  Accordingly, Plaintiffs are required to file an amended complaint stating the identities of regarding Transformative Air Technologies, LLC's LLC's members and their respective citizenship, and Clif Martin's citizenship.  The Court notes that it is required to dismiss this action unless Plaintiffs provide the required supplement alleging sufficient facts to show the Court's jurisdiction.  See id. at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs file an Amended Complaint on or before April 4, 2016, that provides the information required by this Order.

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

**SO ORDERED** this 21st day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE